## KEMPER v. LOHNES.
### No. 9752.

United States Court of Appeals
Seventh Circuit.
March 7, 1949.

Herman Chill and Max Chill, both of Chicago, Ill., for appellant.

James A. Velde and Bruce L. Carson, both of Chicago, Ill. (Gardner, Carton & Douglas, of Chicago, Ill., and Dale E. Sutton, of Pekin, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and WHAM, District Judge.

MAJOR, Chief Judge.

This is an appeal from an order, entered September 27, 1948, awarding judgment to the defendant on his motion to dismiss the complaint for lack of jurisdiction.

The action was brought under Sec. 12 of the Securities Act of 1933, 15 U.S.C.A. § 77l, to recover the purchase price of corporate stock sold by defendant to the plaintiff for $4,000. Federal jurisdiction was predicated upon Sec. 22(a) of the same Act, 15 U.S.C.A. § 77v(a). The complaint alleged that on or about November 23, 1947, defendant inserted a classified advertisement in a Chicago newspaper, offering for sale stock in the Boulevard Models Studio, Inc., "which newspaper generally is circulated in interstate commerce;" that plaintiff on or about November 23, 1947 answered said classified advertisement "by posting a letter through the use of the United States mails," which letter advised the defendant that plaintiff was interested in the purchase of the stock. Shortly thereafter plaintiff received a reply "via the United States mails," arranging for plaintiff to meet with the defendant, and that pursuant thereto plaintiff and defendant met, whereupon plaintiff purchased the stock from defendant in Chicago, Illinois, on or about December 16, 1947. At the first meeting and subsequent thereto, according to the complaint, defendant made

misrepresentations with respect to the business of the corporation and its financial condition, and plaintiff, relying thereon, purchased the stock. The complaint sought judgment for the purchase price, with interest from the date of the sale.

It may be noted that both the plaintiff and the defendant were residents of Chicago, that the conversations in which the alleged misrepresentations were made, the consummation of the sale of the stock, including the payment of the purchase price, and the delivery of the certificates for the shares so purchased, all took place in the City of Chicago.

The question for decision is whether a cause of action was stated under Sec. 12(2) of the Securities Act in the absence of an allegation that the misrepresentations relied on for recovery were transmitted by use of the mails. If such an allegation is essential, it is obvious that a cause of action was not stated. As related to this particular question, the effect of the allegations are that plaintiff read an advertisement in a newspaper listing the stock for sale, wrote a letter to the defendant evidencing her interest in the same, received in reply a letter from the defendant suggesting a meeting and, subsequent to such exchange of letters, meetings were had which resulted in the purchase of the stock by the plaintiff upon misrepresentations made by the defendant.

Sec. 12(2), so far as material to the instant question, provides that any person who "sells a security * * * by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements * * * shall be liable to the person purchasing such security from him * * *."

The cases reveal that a number of courts have been confronted, as we are, with interpreting the rather confusing phraseology which Congress has employed and, as might be expected, have reached different results. We do not regard any of the cases which we have read as particularly helpful and it seems to be one of those instances where each court confronted with the problem must make its own appraisement of the statutory language.

The phraseology of the section as applied to the pertinent allegations of the complaint may be reduced to read that any person who "sells a security * * * by the use * * * of the mails, by means of * * * oral communication * * *." This must be so because it is not claimed that "any means or instruments of transportation or communication in interstate commerce" was used other than that of the mails, nor is it claimed that there was any untrue statement "by means of a prospectus." The untrue statement, as alleged, was by means of an "oral communication." Of course, it is evident that an untrue statement made by "oral communication" cannot take place through the mails, which we think indicates that the section does not contemplate the inclusion of an "oral communication" in connection with "use of the mails."

Now to approach the matter from another angle. Assuming that an "untrue statement" is the gravamen of the cause, as we think it is and as was stated in Pennsylvania Co., etc., v. Deckert et al., 3 Cir., 123 F.2d 979, 984, such untrue statement must be made either (1) "by means of a prospectus" or (2) by "oral communication," and in turn these two means of imparting an untrue statement must be made (1) "by the use of any means or instruments of transportation or communication in interstate commerce" or (2) "by the use * * * of the mails." It appears to us, in fact we think it unreasonable to think otherwise, that "by the use * * * of the mails" was employed solely in connection with "by means of a prospectus", as the latter term is defined in the Act. Sec. 77b (10) states: "The term 'prospectus' means any prospectus, notice, circular, advertisement, letter, or communication, written or by radio * * *." Thus the matters included in this definition are written and such as are commonly sent through the mails. An oral communication cannot be sent through the mails, and it is unrealistic

to associate such a communication with the use of the mails.

Of course, the phrase "oral communication" must be recognized and given a place in construing the section, but that may be done by associating the term with a means of "communication in interstate commerce". Sec. 77b(7) states: "The term 'interstate commerce' means trade or commerce in securities or any transportation or communication relating thereto among the several States * * *." This certainly would include telephone conversations as means of communication in interstate commerce and perhaps broadcasts by radio, and these two means of "oral communication" alone might well include a large segment of the communications in interstate commerce which Congress intended to reach.

The case most strongly relied upon by plaintiff, which admittedly furnishes support for her contention, is Schillner et al. v. H. Vaughan Clarke & Co. et al., 2 Cir., 134 F.2d 875. In that case the misrepresentations were oral and were made by a Philadelphia stock broker in conversation with the buyers in Rome, New York. Liability was held to exist under Sec. 12(2), since the stock certificates were delivered by mail from defendant's Philadelphia office to the plaintiffs in Rome, New York. That case is distinguishable in that there, while the untrue statements which resulted in the sale were made by oral communication, the sale was not actually consummated until the certificates were delivered, and delivery was made by mail, while in the instant situation the most that can be said for the use of the mail is that the parties exchanged letters which resulted weeks later in a meeting where the untrue statements were made. This distinction in the facts, it may be admitted, does not distinguish the reasoning which the court there employed. The court, however, conceded, 134 F.2d page 877, that its construction of the statute was not in accord with the weight of judicial authority (citing cases which had held to the contrary). Our construction of the statute compels us, also, to take issue with the result reached in that case.

■ In our judgment, the alleged misrepresentations which were made by means of "oral communication" were not made "by the use * * * of the mails" and, therefore, no cause of action was stated. It follows the court was without jurisdiction and that the judgment dismissing the complaint was proper. It is affirmed.