Alexander S. CASS et al.,
Plaintiffs,

v.

Ferrell L. PRIOR et al.,
Defendants.

Fred GERBIG et al.,
Plaintiffs,

v.

Ferrell L. PRIOR et al.,
Defendants.

Lloyd A. FISH et al.,
Plaintiffs,

v.

Ferrell L. PRIOR et al.,
Defendants.

Nos. 3–74–Civil–218, 3–75–Civ–66,
3–75–Civil–116.

United States District Court,
D. Minnesota,
Third Division.

Dec. 8, 1975.

David B. Morse, Thompson, Hessian, Fletcher, McKasy & Soderberg, Minneapolis, Minn., for plaintiffs.

Robert J. King, Hvass, Weisman & King, Minneapolis, Minn., for defendants Bethel College and Seminary and Bethel College and Seminary Development Foundation.

Harry C. Piper III, Lindquist & Vennum, Minneapolis, Minn., for defendant Carl H. Lundquist.

Lawrence E. Olsen, Parker & Olsen, Cambridge, Minn., for defendant Otto M. Janke.

DEVITT, Chief Judge.

In these three consolidated cases, plaintiffs allege, in identical complaints, that defendants fraudulently and deceptively offered to sell and sold in interstate commerce unregistered securities—fractional interests in oil and gas leases—in violation of federal and state securities laws. Defendants Bethel College and Seminary Development Foundation (hereinafter Foundation), a Minnesota corporation, Bethel College and Seminary (hereinafter Bethel), owned and operated by the Baptist General Conference, an Illinois corporation, Carl H. Lundquist, president of Bethel and Otto Janke, former chief administrator of St. Paul Ramsey Hospital, have moved for summary judgment under Rule 56 one week before trial. All four moving defendants contend that the claims made in the first three counts of the complaints—the offer for sale and the sale of unregistered securities—are barred by the applicable statute of limitations, that the seventh count which alleges violations of corresponding state securities laws should be dismissed without prejudice, and finally, that the claims made in the fourth and fifth counts must fall because the statute allegedly violated does not provide a private cause of action. Defendants Bethel and Foundation also contend that even if the individual defendants are liable for the fraudulent and deceptive acts alleged in the sixth count, the statutory good faith defense relieves them of liability. If the summary judgment is granted to them on the sixth count then the eighth count, which alleges common law fraud, a state law claim, must be dismissed without prejudice.

■ Section 77e of Title 15, the statutory basis for the first three counts of the complaints, prohibits any offer for sale, transportation or sale in interstate commerce of unregistered securities. Although the securities laws allow a purchaser of unregistered securities to recover money damages, 15 U.S.C.A. § 77e, this action must be brought "within one year after the violation upon which it is based." 15 U.S.C.A. § 77m. All of the violations upon which the first three counts are based—the offer for sale, the transportation, and the sale of unregistered securities in interstate commerce—took place between March and April of 1972. Paragraph XIII of the first count of the complaints. Because none of the complaints were filed within the one year limitations period, defendants' motions are granted with respect to the first three counts.

■ After reciting facts upon which the fourth count is based, plaintiffs allege in paragraph V of that count that this conduct constitutes a violation of 15 U.S.C.A. § 77q(a). Similarly in the fifth count, plaintiffs allege in paragraph IV that the conduct specifically referred to amounts to a violation of § 77q(b).

While recognizing that there is a conflict among the circuits, even within some circuits, defendants contend that *Greater Iowa Corporation v. McLendon*, 378 F.2d 783 (8th Cir. 1967) makes it clear that in this circuit a private cause of action cannot be based on § 77q(a) and

that therefore summary judgment should be granted with respect to the fourth count. A close examination of the relevant holding of *McLendon*—plaintiffs who are not purchasers of securities cannot recover for violations of § 77q(a)—shows that, because plaintiffs in this case did purchase securities, this contention is without merit. In addition, although plaintiffs specifically base this count on § 77q(a), it is clear that the facts they allege make out causes of action under § 77l(2). That section specifically provides a civil remedy.

The fifth count alleges that although they did not offer them for sale, defendants described the fractional interests in these oil and gas well leases to plaintiffs, received consideration from the issuers of those securities, but did not tell plaintiffs about this consideration, in violation of the "anti-touting" provision of the 1933 Act, 15 U.S.C.A. § 77q(b). Defendants contend that summary judgment should be granted as to this count because a private cause of action does not lie to enforce § 77q(b) and because all of the communications and materials given plaintiffs by defendants did purport to offer these securities for sale.

The court of appeals indicated in *McLendon* that purchasers of securities may enforce the duty imposed by § 77q. Although in that case the court dealt specifically with § 77q(a), because it relied on the fact that courts generally "recognize a private right of action for violation of a statutory duty or a liability," *McLendon, supra*, at 789, its reasoning applies to an alleged violation of § 77q(b).

Defendants also contend that, because these securities were in fact offered for sale, § 77q(b), by its very terms, does not apply. However, plaintiffs allege that they were damaged by conduct of defendants which violated this section. Because summary judgment is viewed as an extreme remedy by the court of appeals for this, and other circuits, a remedy which should rarely be granted, *see, e. g., Charmoll Fashions,*

*Inc. v. Texora International Corp.*, 59 F. R.D. 22 (D.Minn.1973) and cases cited, it may not be granted as to this count. As we stated in *Charmoll*, "[h]owever unlikely [their] claim may appear at this time, plaintiff[s] [are] entitled to have [their] day in court." *Id.* at 25.

Because the court has granted these defendants summary judgment with respect to the federal registration claims, the first three counts of the complaints, we accept defendants' suggestion, and dismiss, without prejudice, the claims based on state registration laws. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), C. Wright, *Federal Courts* § 19.

In addition, defendants Bethel and Foundation have moved for summary judgment as to the sixth count, contending that, even if the individual defendants have violated § 78j(b) and Rule 10b(5) of the Securities and Exchange Commission, they are not liable. All parties agree that § 78t(a) determines the liability of Bethel and Foundation on this count. That section exempts a "controlling person" from liability for the acts of a "controlled person" if the controlling person has acted in good faith and has not directly or indirectly induced "the act or acts constituting the violation or cause of action." The question of whether Bethel and Foundation fit within this exemption has been put in issue by the affidavits on file. E. g. affidavit of plaintiff Fred Gerbig: "purchases [of securities] were undertaken with knowledge of the fact that Bethel College, its president Carl H. Lundquist, and others employed and associated with the college and its various organizations had invested in, supported and otherwise were behind said promotion.

"That your affiant placed substantial reliance upon the foregoing representations and was induced to act thereby by virtue of the presence and support lent to the venture by Bethel College. . . ." These affidavits raise genuine questions of material fact as to whether Bethel and Foundation did induce plaintiffs to

purchase the securities and therefore make summary judgment inappropriate. *Charmoll Fashions, Inc., supra.*

Because the court denies the motion for summary judgment on this count, it also denies the request that the state law fraud claims be dismissed without prejudice, *United Mine Workers, supra.*

In conclusion, the court grants summary judgment in favor of defendants Lundquist, Janke, Bethel College and Seminary and Bethel College and Seminary Development Foundation with respect to the first three counts and the seventh count of the complaints. With respect to the remaining counts, the motions are denied.

In their brief in opposition to these motions, plaintiffs contend that they are entitled to judgment as a matter of law that Bethel and Foundation directly or indirectly induced plaintiffs to purchase the securities and that therefore they are liable to the same extent that any of the individual defendants are liable. Because this is clearly a disputed issue of material fact, plaintiffs' contention is without merit and their motion is denied. *Charmoll Fashions, Inc., supra.*

It is ordered that the motions of defendants Carl H. Lundquist, Otto M. Janke, Bethel College and Seminary, and Bethel College and Seminary Development Foundation are granted with respect to the first three counts and the seventh count of the complaints and denied with respect to the remaining counts. Plaintiffs' motion for summary judgment is denied.