462 So.2d 242 (1984)
Nancy Frederick Henderson wife of/and Nolden HENDERSON, Jr.
v.
TODD SHIPYARDS, et al.
Nos. CA-2098, CA-2356.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 1984.
Writ Denied February 4, 1985.
Michael A. Britt, Leach & Paysse; Gary M. Zwain; Thomas E. Loehn; Joseph L. von Rosenberg, III, Leonard A. Young, Franklin H. Jones, III, Bienvenu, Foster, Ryan & O'Bannon; Thomas R. Blum, Kenneth R. Bowen, Simon, Peragine, Smith & Redfearn; James L. Selman, II, Jones, Walker, Waechter, Poitevent, Carrere & Denegre; Robert A. Vosbein, Lynn M. Luker, Adams & Reese, New Orleans, for defendants-appellees.
Cheryl A. Denney, Gertler & Gertler, New Orleans, for plaintiff-appellant.
Before REDMANN, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a ruling by the trial court granting defendants' exceptions of prescription and dismissing plaintiff's action.
On October 3, 1972, plaintiff's husband died of lung cancer. Plaintiff alleges that she learned on June 29, 1982, that her husband's lung cancer could possibly have been caused by toxic substances with which he had worked while employed by Todd Shipyards. On May 31, 1983, plaintiff filed a wrongful death action against Todd Shipyards and other defendants which plaintiff claimed were responsible for her husband's death by lung cancer.
*243 Because more than ten (10) years have elapsed since the death of her husband, plaintiff has relied upon the doctrine of contra non valentem agere nulla writ prescripto to defeat the apparent nullity of this action by virtue of prescription. This doctrine allows a plaintiff to bring an action although it has prescribed in either of two circumstances: (1) the cause of action has not manifested itself so that certainty of proof can be presented in court; and/or (2) defendant has misled, concealed, etc. facts so that plaintiff is not aware that he or she has a cause of action. E.g. Reed v. General Motors Corp., 400 So.2d 919 (La. App. 1st Cir.1981). Plaintiff argues that she relied upon her assumption that her husband's lung cancer was due to his heavy smoking and was not aware until June of 1982 that the lung cancer could have been caused by his employment with Todd.
When an action appears to have prescribed on the face of the petition, a plaintiff bears the burden of proof to establish facts which would have the effect of either interrupting or avoiding prescription. Yarbrough v. Louisiana Cement Co., 370 So.2d 602, 602 (La.App. 4th Cir.1979); Marcel v. Hospital Corp., 322 So.2d 302 (La. App. 1st Cir.1975). The defendants argue that plaintiff has failed to carry this burden of proof, asserting that she should not be able to rely on her own failure to pursue the question of the cause of her husband's death in order to defeat the very purposes for which prescription has been enacted. We agree.
Constructive, not actual, notice of a cause of action is required. If, therefore, the plaintiff has information enough to "excite attention" or to give "her notice of everything to which inquiry may lead," then her cause of action has prescribed. See Cartwright v. Chrysler Corp., 255 La. 597, 232 So.2d 285 (1970).
In the court below, plaintiff made no showing that she had inquired into the cause of her husband's death, but had rather simply rested upon assumption that his death had been caused by his heavy smoking. Under the circumstances presented by this case, we cannot hold that plaintiff has presented sufficient evidence to carry her burden of proof. For these reasons, the decision of the trial court is affirmed, all costs to plaintiff.
AFFIRMED.