471 So.2d 863 (1985)
Paul B. WILKINS, Plaintiff-Appellant,
v.
HOGAN DRILLING COMPANY, INC., Defendant-Appellee.
No. 17009-CA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1985.
*864 Gaharan & Wilson by Donald R. Wilson and Joseph Wilson, Jena, for plaintiff-appellant.
McKeithen, Wear, Ryland & Woodard by Russell A. Woodard, Columbia, for defendant-appellee.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
The plaintiff in this action for damages and other relief founded upon alleged violations of securities laws and, alternatively, unjust enrichment, appeals a judgment sustaining exceptions of lack of subject matter jurisdiction, prescription and no cause of action. We affirm.

The Facts
The plaintiff is Paul B. Wilkins and the defendant is Hogan Drilling Company, Inc. This litigation arises from a September 1, 1979, transaction in which Wilkins invested in Hogan's 1979 oil and gas drilling program. A prior action on this subject was considered by this court in Wilkins v. Hogan Drilling Co., Inc., 424 So.2d 420 (La. App. 2d Cir.1982).[1]
On August 10, 1982, Wilkins filed this action alleging that on September 1, 1979, Hogan sold to him certain unregistered securities, consisting of fractional interests in oil, gas and other minerals from wells to be drilled. He further alleged that Hogan gained information, drilling those wells, which was used to drill another well in which he was not allowed to participate and which was highly successful. He also alleged *865 in conclusionary terms that Hogan's officers had engaged in "insider trading" and other acts which he concluded violated various federal and state security laws. Wilkins alternatively alleged that he is entitled to recover on a theory of unjust enrichment.
Hogan responded to the original petition with exceptions of lis pendens and vagueness. Wilkins then filed his first supplemental and amending petition which renewed the allegations of his original petition while using milder terms to characterize some of the alleged violations of securities laws.
Hogan again interposed exceptions of lis pendens and vagueness. Wilkins again amended filing his second supplemental and amending petition which added allegations that Hogan had failed to make proper filings with the Securities and Exchange Commission. The defendant responded again by filing an exception of vagueness.
Hearings on the pending exceptions were then held and the district judge maintained the exception of vagueness in part and overruled the exception of lis pendens. Wilkins filed his third amending and supplemental petition in an attempt to cure the vagueness. Hogan responded to this final amendment with exceptions of vagueness, no cause of action, res judicata and prescription. Hogan later filed an additional exception of lack of subject matter jurisdiction.
At the hearing on the exceptions in the district court plaintiff conceded that the exception of lack of subject matter jurisdiction was proper with respect to any alleged violations of the Securities Exchange Act of 1934.[2] The district judge found that the petition stated no cause of action under the applicable federal statutes and that both the federal and state securities claims were barred by prescription. Judgment sustaining the exceptions and dismissing this action was signed and this appeal followed.
Wilkins makes no assignments of error on appeal. However, in his brief he generally complains of the district judge's ruling on the exceptions of prescription and no cause of action and of his failure to address the alternative unjust enrichment theory of recovery.

Prescription
Wilkins argues that the transaction between himself and Hogan should be characterized as an "escrow agreement." He further argues that Hogan's periodic withdrawals under the "escrow agreement" operated to interrupt prescription and that, therefore, his action is timely.
Hogan argues that the petition alleges only a sale "on or about September 1, 1979," and makes no mention of an "escrow agreement." Hogan further argues that as the "escrow agreement" was neither alleged nor shown by evidence at the trial of the exceptions it cannot be considered now.
We are in agreement with Hogan's position. The facts concerning the "escrow agreement" have not been alleged despite numerous amendments to the petition and they were not shown through proof at the trial of the exceptions. Our only information concerning the escrow agreement is Wilkins' representations in brief and at oral argument. A ruling upon an exception cannot be based upon such representations. This is particularly true where, as here, the representations relied on by a party are contrary to the allegations of his pleadings.
At oral argument before the district court, Wilkins indicated that this action was based upon 15 U.S.C.A. § 77e.[3] This section makes it unlawful to use "any means or instruments of transportation or communication in interstate commerce or *866 of the mails to sell unregistered securities" or "to carry or cause to be carried through the mails or in interstate commerce" such securities. 15 U.S.C.A. § 77e(a)(1) & (2). Civil liability for violations of that section is established by 15 U.S.C.A. § 77l. Liability for sales or offers to sell through untrue statements or material omissions of fact either in a prospectus or oral communication where any means or instrument of transportation or communication in interstate commerce or the mails are used is provided for in 15 U.S.C.A. § 77l (2).
We first consider whether the claim under sections 77e and 77l (1) is prescribed. An action for violation of these sections must be brought within one year of the occurrence upon which it is based or it is barred by prescription under 15 U.S.C.A. § 77m. Moerman v. Zipco, Inc., 302 F.Supp. 439 (E.D.N.Y.1969); Vicioso v. Watson, 325 F.Supp. 1071 (C.D.Cal.1971); Ferland v. Orange Groves of Florida, Inc., 377 F.Supp. 690 (M.D.Fla.1974).
Here the action was not filed until nearly three years after the alleged sale and, therefore, any claim based on 15 U.S. C.A. § 77e and 15 U.S.C.A. § 77l (1) has prescribed. See Cass v. Prior, 404 F.Supp. 780 (Minn.1975) (Violation of 15 U.S.C.A. § 77e in sale of fractional interest in oil and gas lease was barred by 15 U.S.C.A. § 77m where suit was not filed within one year of sale.)
We now examine whether any claims under 15 U.S.C.A. § 77l (2) are prescribed.
A plaintiff must affirmatively plead sufficient facts to demonstrate that the requirements of 15 U.S.C.A. § 77m have been satisfied or his claim is subject to dismissal. Brick v. Dominion Mortg. & Rlty. Trust, 442 F.Supp. 283 (W.D.N.Y. 1977); Shonts v. Hirliman, 28 F.Supp. 478 (S.D.Cal.1939). The plaintiff must allege the time of discovery of the violation of 15 U.S.C.A. § 77l (2), the circumstances of the discovery, the reason why discovery was not made earlier and his diligent efforts in seeking discovery. Brick; Shonts.
Here Wilkins has not alleged any of the factors to show that he is entitled to bring this action beyond the one year period allowed by 15 U.S.C.A. § 77m and the exception of prescription must be maintained with respect to any violations of 15 U.S.C.A. § 77l (2).[4]Brick; Shonts.
Wilkins also claims violations of the Louisiana Blue Sky Law by defendant. See LSA-R.S. 51:701 et seq. Hogan contends that any Blue Sky Law claims are prescribed under LSA-R.S. 51:715(E) which provides a prescription of two years.
Defendant's contention was correctly accepted by the district judge as the allegations of the petition show it was filed nearly three years after the sale. LSA-R.S. 51:715(E). The plaintiff offered no evidence at the trial of the exceptions to establish that his claim had not prescribed. "When an action appears to have prescribed on the face of the petition a plaintiff bears the burden of proof to establish facts which would have the effect of either interrupting or avoiding prescription." Cf. Henderson v. Todd Shipyards, 462 So.2d 242 (La.App. 4th Cir.1984).
The plaintiff's claims as to his primary theories of recovery are prescribed.

*867 Alternative Theory

Wilkins alleges as an alternative theory that he is entitled to recover upon a theory of unjust enrichment. Wilkins alleges that he invested in mineral ventures "which were conducted, operated and managed solely by defendant." He further alleges that several of those ventures were entered pursuant to oral modifications to the original written agreement between the parties. He also alleges in conclusionary terms an unjust enrichment of defendant.
Unjust enrichment, or quantum meruit as it is also called, is an equitable doctrine based upon the principle that one who benefits from another's labor and materials should not be unjustly enriched thereby and the law implies a promise to pay a reasonable amount even in the absence of a specific contract. Jones v. City of Lake Charles, 295 So.2d 914 (La.App. 3rd Cir.1974); Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3d Cir.1976).
It is immediately apparent that Wilkins' allegations do not fit within the traditional theory of quantum meruit actions. He does not complain that he supplied labor or materials without a contract. Instead he complains that he invested pursuant to a written agreement and subsequent oral modifications thereto.
One cannot recover in quantum meruit where there is an agreed contract between the parties. Stevens v. Tynes, 357 So.2d 7 (La.App. 3d Cir.1978); writ refused, 357 So.2d 1152 (La.1978); Babineaux v. Grisaffi, 180 So.2d 888 (La.App. 3d Cir.1965); Oldham v. Jones, 136 So.2d 310 (La.App. 2d Cir.1961).
The plaintiff's allegations here and the record in the prior proceedings between these parties clearly establish that his position is that there was a contract between the parties. Therefore plaintiff has no cause of action in quantum meruit. Stevens; Babineaux, Oldham; supra.
We also note that the pleadings do not indicate how the alleged unjust enrichment occurred. There is no contention that each of the wells Wilkins invested in were not drilled by defendant. Where defendant did what it had agreed to do for plaintiff's money it is difficult to see how it was unjustly enriched.

Conclusion
The judgment of the district court is correct. The judgment of the district court is affirmed at appellant's costs.
NOTES
[1] In the prior case we affirmed a judgment dismissing Wilkins' action for specific performance of a contract or, alternatively, for damages for breach of the contract on an exception of no cause of action.
[2] In response to an inquiry by the district judge, counsel for plaintiff stated: "Yes sir, okay, if I make a specific 10(B)(5) or 10(B) action as uh, private person or otherwise, that may be only entertained in the Federal Court ..." R. p. 207.
[3] Plaintiff's counsel stated to the district court:

"The first part of the action is just an ordinary common action to rescind the sale of a security for non-compliance with both the registration requirements of State Law and the registration requirements of Federal Law." R. p. 191.
[4] Our resolution of the prescription issue makes it unnecessary for us to consider whether the petition states a cause of action for violation of 15 U.S.C.A. § 77e. However, we do note that the petition fails to allege a use of interstate transportation or communication or of the mails in connection with the alleged sale and that this is an element necessary to establish a violation of 15 U.S.C.A. § 77e. Hill York Corp. v. American Internat'l Franchises, Inc., 448 F.2d 680 (5th Cir.1971); Lennerth v. Mendenhall, 234 F.Supp. 59 (N.D.Ohio 1964).

We further note that the use of a means or instrument of transportation or communication in interstate commerce or of the mails to make untrue statements or omissions in an oral statement or prospectus is an essential element for recovery under 15 U.S.C.A. § 77l (2), Kemper v. Lohnes, 173 F.2d 44 (7th Cir.1949), and that there are no allegations of such use contained in the petition.