Joseph A. ROMANO

v.

**MERRILL LYNCH, PIERCE, FENNER AND SMITH, INC., Merrill Lynch Commodities, Inc., Merrill Lynch Futures, Inc., Merrill Lynch Asset Management, Inc., Merrill Lynch Ready Assets Trust.**

Civ. A. No. 84–3424.

United States District Court,
E.D. Louisiana,

July 1, 1986.

Stephen J. Caire, Metairie, La., for plaintiff.

Harry B. Kelleher, William R. Forrester, Jr., Lemle, Kelleher, Kohlmeyer, Hunley, Moss & Frilot, New Orleans, La., for defendant.

## ORDER & REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court upon motion of Merrill Lynch, Pierce, Fenner and Smith, Inc., Merrill Lynch Commodities, Inc. and Merrill Lynch Futures, Inc. [hereafter "Merrill Lynch"], to dismiss the second amended complaint of Joseph A. Romano with prejudice for failure to state a claim upon which relief can be granted.

### Background

Plaintiff's suit places at issue two types of transactions, occurring between March

---

1981 and April 1983: (1) Silver commodities trading undertaken on plaintiff's behalf; and (2) Associated deposits and withdrawals from Plaintiff's Ready Assets account, which the parties agree are technically securities transactions.[1] The dates of the relevant commodities trades are listed in paragraph 42 of plaintiff's first amending complaint. The initial deposit of funds into plaintiff's Ready Assets account was made on March 12, 1981. See [Original] Complaint, p. 4, ¶ 13. Thereafter, there were deposits and withdrawals, reflected in certain statements of account made a part of this record in connection with a prior motion by the defendants. These unchallenged records show Ready Assets transactions occurring through March 26, 1982. Plaintiff filed his original complaint on July 12, 1984.

On April 30, 1986, plaintiff filed a second amended complaint[2] adding certain allegations of RICO violations through a pattern of racketeering activity consisting of fraud and unlawful use of the mails associated with particular commodities transactions specifically set forth in paragraph 42 of plaintiff's first amended complaint. See Second Amended Complaint, ¶ 24(C)(b), p. 5. No other transactions are specifically pled as predicate acts, although at hearing on the motion presently under consideration, plaintiff also relied upon the Ready Assets transactions as predicate acts.

■ This Court previously denied a motion for summary judgment seeking dismissal of plaintiff's Rule 10b–5 claims stated in plaintiff's original and first amending complaints on grounds of prescription in an Order & Reasons entered December 9, 1985. This Court held that a two year prescriptive period governed those claims and that on the face of the complaint any misrepresentations subject to Rule 10b–5 in respect of transactions occurring more than two years prior to the original complaint were time barred. Thus, on the face of the complaint, as amended, all claims as to securities transactions prior to July 1982 were clearly prescribed. Moreover, the statements of account in the record confirm prescription of the causes of action as to all Ready Assets transactions.

To counter the defense of prescription, plaintiff raised by memorandum a general claim of fraudulent concealment of his churning causes of action.[3] Although both the complaint as amended and plaintiff's memorandum failed to specify any facts supporting the claim of fraudulent concealment, this Court gave plaintiff the benefit of the doubt and denied the motion to dismiss, indicating that where plaintiff properly pled fraudulent concealment, it would serve to prevent dismissal of plaintiff's claims under Rule 10b–5 for churning. All other claims for securities fraud arising prior to July 12, 1982 were therefore deemed prescribed, but this Court purposely left those claims unspecified.

The foregoing resolution of defendants' earlier motion to dismiss was warranted by the relatively early stage of the litigation and the Court's desire that the parties discover fairly what claims, if any, the plain-

1. See generally Memorandum in Support of Motion for Summary Judgment Filed by Defendants Merrilll Lynch Ready Assets Trust and Merrill Lynch Asset [sic] Management, Inc. on September 10, 1985 and plaintiff's opposition memorandum filed September 20, 1985.

2. Plaintiff filed his motion for leave to file a second amended complaint on March 10, 1986, which this Court granted, reversing the Magistrate's refusal to allow plaintiff to amend the complaint.

3. As applied to the Ready Assets transactions this allegation is confusing because there is conspicuously absent from plaintiff's pleadings an itemization of the deposits and withdrawals from the Ready Assets account such as would support a claim for churning. In addition, the gravamen of plaintiff's complaints as to his Ready Assets account is that his funds were deposited into Ready Assets without his authorization in lieu of being held in a noninterest bearing account pending investment. However, plaintiff has not alleged any damages resulting from this action.

The Court can only speculate that some of the confusion stems from an erroneous assumption that Rule 10b–5, 17 C.F.R. § 240.10b–5, governs commodities transactions, although the rule expressly applies to securities. *See also Moody v. Bache & Co.*, 570 F.2d 523 (5th Cir.1978).

tiff had and what, if any, were the plaintiff's actual damages, rather than prematurely foreclosing litigation of legitimate demands. However, the vagueness and lack of coherency of the plaintiff's pleadings have continuously hampered the Court's efforts to resolve the issues presented to it, and in light of the proximity to the trial date, the Court is now prepared to take a stricter view of plaintiff's inability to clarify his claims as required by law. The lack of progression in the pleadings and the lack of any development of plaintiff's case have also prompted the Court to reconsider sua sponte its prior rulings on prescription.

Thus, the Court has carefully reviewed the prior submissions of the parties, in conjunction with the present motion to dismiss the RICO claims. For reasons stated more fully below, it is ordered that the motion to dismiss on grounds of prescription be and is hereby granted as to all of plaintiff's claims under Rule 10b–5, including those for churning, and as to plaintiff's RICO claims.[4] To the extent any of the rulings below conflict with the Court's earlier Order & Reasons, the Order is hereby recalled. Plaintiff's RICO claims are also dismissed for failure to properly allege predicate acts.

### Prescription

■ In response to defendants' present prescription defense to the RICO claims, plaintiff again invoked the doctrine of fraudulent concealment generally, as stated in his opposition memorandum. Even though plaintiff has presumably had the benefit of six months of discovery, plaintiff's memorandum fails to delineate the claimed fraudulent concealment. Similarly, his second supplemental complaint does not allege any facts relative to fraudulent concealment, even though the parties are approaching trial of this matter on August 22, and the Court would expect the plaintiff to have available to him sufficient knowledge of the facts of this case to satisfy the Court that the plaintiff's claims of fraudulent concealment are well founded.

As stated in the hearing on defendants' motion, the Court agrees that plaintiff's RICO claims would be governed by the one year limitation period of Louisiana Civil Code article 3492 (formerly article 3536). *See Ingram Corp. v. J. Ray McDermott & Co.,* 495 F.Supp. 1321, 1324 n. 4 (E.D.La. 1980), *rev'd on other grounds,* 698 F.2d 1295 (5th Cir.1983); *Moore v. A.G. Edwards & Sons,* 631 F.Supp. 138 (E.D.La. 1986). *See also Alexander v. Perkin Elmer Corp.,* 729 F.2d 576, 577 (8th Cir.1984) (per curiam); *Bowling v. Founders Title Co.,* 773 F.2d 1175 (11th Cir.1985), *cert. denied sub nom. Zoldessy v. Founders Title Co.,* —— U.S. ——, 106 S.Ct. 1516, 89 L.Ed.2d 915 (1986). Thus, on the fact of the complaint, all of plaintiff's RICO claims have prescribed, and the focal issue is whether plaintiff has sufficiently pled or established entitlement to fraudulent concealment. For reasons stated more fully below, the Court concludes he has not.

An initial hurdle arises in considering whether to evaluate defendants' motion under Rule 12 or Rule 56. Defendants originally invoked Rule 12, but defendants' reliance on Rule 12 does not prevent the plaintiff from introducing matters outside of the pleadings in order to defeat the defendants' motion. Accordingly, the Court considered the pleadings and all materials in the record submitted by the plaintiff to determine whether the plaintiff has stated a claim under RICO. Nevertheless, plaintiff's failure to provide legally admissible evidence opposing defendants' motion would not of itself require the motion be granted: Under Rule 56, the movants have an initial burden of establishing the absence of genuine issues of material fact supporting their claim, if matters outside

---

**4.** As best the Court can tell, this order reserves to the plaintiff his claims under federal law for churning his commodities account. *See generally McGinn v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 736 F.2d 1254 (8th Cir.1984). Defendants only raised prescription as a defense to the Rule 10b–5 claims, and as indicated above, Rule 10b–5 does not govern commodities transactions. See footnote 3.

of the pleadings are to be considered. *See John v. State of Louisiana,* 757 F.2d 698, 708–09 (5th Cir.1985). Thus, if plaintiff's pleadings disclose issues of fact, plaintiff need not file any counter affidavits or other legally admissible evidence to controvert the motion for summary judgment. *See Thompson v. Johns-Manville Sales Corp.,* 714 F.2d 581 (5th Cir.1983), *cert. denied* 465 U.S. 1102, 104 S.Ct. 1598, 80 L.Ed.2d 129 (1984); *White v. Thomas,* 660 F.2d 680, 682–83 (5th Cir.1981), *cert. denied* 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982).

However, whether the Court considers defendants' motion as a Rule 12 motion to dismiss for failure to state a claim or a Rule 56 motion for summary judgment, it is bound to carefully consider the pleadings in this case to determine whether they disclose any allegations of fact supporting plaintiff's claim for fraudulent concealment. In evaluating the pleadings, this Court is bound by Rule 9 of the Federal Rules of Civil Procedure, which provides in pertinent part:

(b) Fraud, Mistake, Condition of the Mind.

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . .

(f) Time and Place.

For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter.

The Court was unable to uncover any controlling authority indicating what law governs evaluation of the sufficiency of plaintiff's allegations, and the parties did not address this issue in their memoranda. However, the question of prescription was resolved by analogy to state law in *Dupuy v. Dupuy,* 551 F.2d 1005, *reh. denied,* 554 F.2d 1065 (5th Cir.), *cert. denied,* 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977). Accordingly, the Court has turned to state law to resolve the sufficiency of averments of fraudulent concealment, with reliance upon federal jurisprudence as persuasive.

Under state law, when an action has prescribed on the fact of the complaint, plaintiff bears the burden of proving facts which would have the effect of either interrupting or avoiding prescription. *See Wilkins v. Hogan Drilling Co.,* 471 So.2d 863 (La.App. 2d Cir.1985) (securities fraud claims), *citing Henderson v. Todd Shipyards,* 462 So.2d 242 (La.App. 4th Cir. 1984), *cert. denied,* 462 So.2d 1266 (La. 1985). The *Wilkins* Court stated that the plaintiff must allege the time of discovery of the cause of action, the circumstances of the discovery, the reason why discovery was not made earlier, and his diligent efforts in seeking discovery. 471 So.2d at 866. Similarly, it was stated:

[W]hen a complaint affirmatively indicates that the alleged fraud occurred at a remote time, such that it would ordinarily be barred by the statute of limitations, it becomes the duty of the plaintiff who seeks to rely on [an extension of the statutory period because of delayed discovery of the fraud] to affirmatively and particularly plead the date of discovery, as a material averment under F.R.C.P. 9(b), (f), or face dismissal of the complaint.

*Stewart Coach Indus., Inc., v. Moore,* 512 F.Supp. 879, 886 (S.D.Ohio 1981) (citing cases). Thus, general and conclusory allegations of fraudulent concealment do not sufficiently plead fraudulent concealment. *See Armstrong v. McAlpin,* 699 F.2d 79, 88–90 (2d Cir.1983). The controlling test is when fraud should be discovered with the exercise of due diligence, and accordingly, a plaintiff must plead circumstances that would have given notice of the fraudulent conduct, which circumstances were not discovered because of concealment, and when the fraudulent conduct was discovered.

Thus, the Court rejects plaintiff's contention in his memorandum of September 20, 1985, that the date of discovery of the fraudulent conduct is an issue of fact to be decided by this Court, without any allegation on the plaintiff's part as to what that date was. As a matter of law, the plaintiff must allege fraudulent concealment with

particularity, but the pleadings and memoranda in this case give no indication of the time of discovery, the circumstances of discovery, the reason why discovery was not made earlier or plaintiff's efforts in seeking discovery of any of the fraudulent conduct in question. Moreover, as to the date of discovery of any claims concerning Ready Assets transactions, the uncontested affidavit of Robert Harris affirmatively avers that monthly statements reflecting all purchases and/or redemptions of Ready Assets shares during the preceding month are sent to Ready Assets shareholders, such as the plaintiff. Copies of plaintiff's monthly statements are attached to the affidavit, as previously indicated, and they reflect activity in plaintiff's account only through March 26, 1982.[5] Although plaintiff alleges that he continues to be a shareholder in the Ready Assets trust as of the date of filing of his complaint, the record discloses and plaintiff alleges no transactions in the Ready Assets account beyond that date. Accordingly, the pleadings on their face show that plaintiff has failed to state a claim as to either his securities fraud or his RICO claims, and in addition, defendants have established that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law, dismissing plaintiff's Rule 10b–5 and RICO claims.[6]

**5.** Any excessive activity denoting churning would be readily discernible to the plaintiff upon receipt of his monthly statement.

**6.** As previously observed by this Court, plaintiff did not appear to suggest that fraudulent concealment is applicable to any claim other than churning, and this Court questions whether the doctrine of fraudulent concealment concerns any alleged RICO violation where the predicate acts are other than churning. Moreover, if the remaining predicate acts are limited to churning commodities, the Court questions whether plaintiff has stated a claim under RICO.

**7.** Additional clarification on this point may be provided by the Fifth Circuit's upcoming decision in *Point Landing, Inc. v. OMNI International, Ltd.*, 767 F.2d 88 (5th Cir.1985) (argued before the Fifth Circuit sitting en banc on January 16, 1985).

**8.** As observed in the Court's Orders & Reasons of December 9, 1985, plaintiff specifically con-

### The Sufficiency of the Pleadings as to Predicate Acts

The defendants also allege that plaintiff has not properly pled a RICO claim due to his failure to allege predicate acts upon which a pattern of racketeering activity could be found. Plaintiff does not address this contention in his memorandum.

Securities violations may serve as predicate acts under Rico. *See* 18 U.S.C.A. § 1961(1)(D). However, defendants have asserted that the only claims remaining to plaintiff are his claims for churning his commodities account, and that because commodities are not securities, there are no securities violations upon which to base the RICO claims. *See Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1068 (5th Cir.1979); *Moody v. Bache & Co.*, 570 F.2d 523, 525 (5th Cir.1978).[7] Plaintiff does not dispute this point and did not address it by memorandum, but contended at oral argument that he has stated a claim under RICO because of his allegations of wrongdoing in connection with the deposits of his funds into a Ready Assets account, which constitute securities transactions.[8]

Inasmuch as the Court has dismissed the plaintiff's securities claims in connection with Ready Assets, however, these transactions cannot now serve as predicate acts.[9]

tends that his funds were deposited into Ready Assets without his authorization in lieu of being held in a noninterest bearing account pending investment. However, he alleged no damages resulting from the Ready Assets transactions, and other than the initial deposit, calls into question no particular Ready Assets transactions.

**9.** Moreover, as appropriately observed by the *Gartenberg* court, the purchase of shares in the Ready Assets trust are likened to deposits in a regular bank account, and accordingly, the Court would be loathe to hold that Ready Assets shares transactions would form a sufficient basis for predicate acts under RICO. *See Gartenberg v. Merrill Lynch Asset Management, Inc.*, 528 F.Supp. 1038 (S.D.N.Y.1981), *aff'd*, 694 F.2d 923 (2d Cir.1982) (cited by defendants). Fortunately, the Court need not reach this question.

In sum, the Court finds an affirmative basis in the record for holding that plaintiff's pleadings, submissions and memoranda do not sufficiently state or raise as an issue the doctrine of fraudulent concealment as to any securities transactions under Rule 10b–5 (the Ready Assets share transactions), and accordingly, claims for damages arising out of any transactions concerning purchase and sale of Ready Assets shares and activity in plaintiff's Ready Assets account have prescribed and are hereby dismissed. Likewise, any RICO claims arguably based upon the transactions stated in the pleadings have prescribed.

Moreover, because commodities trades are not securities transactions, the Court holds that plaintiff's claims arising out of churning his commodities account cannot be made predicate acts under RICO, and the Ready Assets transactions cannot be asserted as predicate acts under RICO inasmuch as those claims have prescribed. Dismissal of plaintiff's RICO claims is therefore appropriate on that basis.

For foregoing reasons, defendants' motions seeking dismissal of plaintiff's RICO claims and Rule 10b–5 claims are hereby GRANTED.