SAVOY, Judge.
Plaintiff instituted this suit for damages and personal injuries received in an automobile accident on April 4, 1966. She had stopped her car at an intersection and was struck from the rear by a 1964 Dodge automobile owned and driven by Dr. Stephen G. Kent, Jr.
In a previous suit filed against the insurer of Dr. Kent, the court found Dr. Kent was without fault, upholding the defense that the accident was unavoidable on Dr. Kent’s part, having resulted because his brakes suddenly failed. That case was reported as Cartwright v. Firemen’s Insurance Company of Newark, N. J., 213 So.2d 154 (La.App. 3 Cir. 1968); writs granted, 215 So.2d 127.
The case before us on appeal was filed on November 6, 1967, against Chrysler Corporation and Nelson Dodge, Inc. Plaintiff alleges defendants were guilty of breach of warranty as the manufacturer and seller of the Dodge automobile driven by Dr. Kent, and also of negligence in the design, installation and service of the brake lines.
It is further alleged that the Dodge automobile was sold to Dr. Kent as being a new automobile in first-class condition, usable and serviceable in every respect, but that the automobile was instead in a defective and improper condition in that the front wheel brake lines were too short or otherwise defective, or improperly installed, to permit a full extension in the turning of the wheels to the extreme right or left without causing the inside rim of said wheels to rub against the brake line or lines; that such condition was not apparent or readily discoverable, and, as a result, as the vehicle was used, the inside rims of the front wheels continued to rub and wear against the front brake lines to the point where on or about April 4, 1966, at the time of the accident herein, when Dr. Kent saw the stopped automobile in front of him and applied his brakes, the pressure exerted on the front brake lines caused the brake line of the left wheel to rupture at the worn spot, thereby causing the brakes of the automobile to suddenly fail, resulting in the accident and injuries to plaintiff. It is also alleged that in February of 1966 Dr. Kent had the brake drums of the automobile changed at Nelson Dodge, Inc. and gave instructions to change everything on the automobile that needed changing, but that the mechanic who performed the work did not properly check the brake lines and negligently failed to notice the spot being worn in said brake lines. In addition to the breach of warranty by defendants and the negligence of Dr. Kent, plaintiff also alleges that the accident was caused by the negligence of Chrysler Corporation in improperly designing the front wheel brake system, and particularly the front wheel brake lines; in failing to properly install the front wheel brake lines ; in failing to properly inspect the front wheel brake lines before allowing such vehicle to be placed on the market for sale; in failing to warn any prospective purchaser, and particularly, Dr. Kent, of the need of any special inspection and/or maintenance of the front brake lines, considering the nature of the faulty design thereof; and in failing to warn the general public, or Dr. Kent, or other purchasers of such vehicle, of the faulty brake lines, after it had learned and become aware of such conditions existing; and by the negligence of Nelson Dodge, Inc. in failing to inspect the vehicle sold to Dr. Kent, and particularly, the front wheels and braking system thereof; and in failing to warn the general public or Dr. Kent of the faulty brake lines, after it had learned or should have learned or become aware of such condition existing.
*563 A peremptory exception of prescription of one year was filed by each of the defendants. These exceptions were sustained by the district court and judgment was rendered dismissing plaintiff’s suit. From this judgment plaintiff has appealed to this Court.
Plaintiff maintains the district court should have found defendants were solidary obligors with the insurer of Dr. Kent, and that the prior suit interrupted prescription as to defendants. Plaintiff urges that, in any event, her suit should not have been dismissed as she was not aware of and knew nothing of the defective brake hose until it was revealed at the trial, and that suit was filed timely thereafter. It is argued that the statement by Dr. Kent that the brakes failed was not sufficient to put plaintiff on notice that there was a defective brake line, particularly since plaintiff was misled by an erroneous statement by Dr. Kent in a pretrial deposition that his brakes had not been worked on prior to the accident, whereas at the trial Dr. Kent stated this was an error as his brakes had been relined approximately six weeks before the accident.
Defendants maintain they could not be held to be joint feasors or solidary obligors with Dr. Kent or his insurer as Dr. Kent has been adjudicated by the court not to be a debtor at all. It is urged that in any event, prescription was not interrupted by the filing of a suit as to another demand based upon different grounds than those contained in the original petition where plaintiff sought to assert a different cause of action. It is maintained that should defendants be held to be solidary obligors, the district court correctly found the obligation between the defendants and the insurer of Dr. Kent to be one of imperfect solidarity, as opposed to perfect solidarity. It Is contended that the determination as to when the prescriptive period began to run was a factual one, and that the district court correctly found plaintiff had acquired knowledge of the defective condition of the brake system in the Kent automobile on the date of the accident, or had certainly acquired sufficient information to excite attention and to call for further inquiry to determine the facts necessary to bring suit against the defendants within the prescriptive period.
We are of the opinion that the suit mentioned herein against Dr. Kent’s insurer did not interrupt prescription against Chrysler for the reason that we have held heretofore that Dr. Kent is not liable in tort; therefore he is not solidarily liable or a solidary debtor against whom suit would interrupt prescription upon a soli-dary debt. Therefore, suit against one does not interrupt suit against the other. See Martin v. Mud Supply Co., 239 La. 616, 119 So.2d 484.
In view of our holding, we hereby amend the judgment of the district court by dismissing the suit of plaintiff as of non-suit, and as amended, the judgment is affirmed, at appellant’s costs.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearings denied.