FOUR.NET, Chief Justice.
We granted writs of certiorari, 254 La. 451, 223 So.2d 866, on the application of both the plaintiff, Ethel B. Cartwright, and defendants, Nelson Dodge, Inc. and Chrysler Corporation, in order that we might review the judgment of the Court of Appeal for the Third Circuit, affirming the judgment of the district court sustaining defendants’ plea of prescription, but amending the judgment so as to dismiss plaintiff’s suit as of nonsuit. 219 So.2d 561.
The record reflects that prior to the filing of the instant suit, plaintiff filed a suit against Firemen’s Insurance Company of Newark, insurer of the 1964 Dodge automobile owned and driven by Dr. Stephen G. Kent, Jr., for damages and personal injuries sustained on April 4, 1966 when Dr. Kent’s automobile struck her automobile from the rear while she was stopped at an intersection, which suit was dismissed by the district court[1] upholding the defense that the accident was unavoidable because Dr. Kent’s brakes suddenly failed. Four days later, November 6, 1967, the present suit was filed against the manufacturer and service dealer, Chrysler Corporation and Nelson Dodge, *602 Inc., alleging they were guilty of breach of warranty and negligent in the design, installation and service of the brake lines, a fact which she first became aware of at the trial of her suit against Firemen’s Insurance Company. This suit was dismissed by the district judge on defendants’ peremptory exception of prescription of one year. The court of appeal affirmed the judgment sustaining the plea of prescription, but amended the judgment so as to dismiss the case as of nonsuit. Plaintiff and defendants each filed application for writs which were granted by this court primarily because the liability of Dr. Kent was not final since the first suit was still pending in this court and one of the prime issues in the instant case was whether defendants herein and Dr. Kent were solidary obligors whereby the suit against his insurer had the effect of interrupting prescription as to them.
While there are numerous appellate court decisions providing, “A manufacturer or seller of a product which involves a risk or injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part sustains an injury caused by a defect in the design or manufacture of the article, if the injury might have been reasonably anticipated,”[2] the fact remains that such action is one in tort and not in contract. There existing no privity of contract between the plaintiff and defendants in this suit, the mere allegations of breach of warranty is not enough to change the character of the action into one arising out of contract and bring it within the ten year prescriptive period.
Under the express provisions of Article 3536 of the Revised Civil Code, included as one of the actions prescribed in one year is “ * * * that for damages caused by * * * or resulting from offenses or quasi offenses,” which prescription is made to run from the date “ * * * on which * * * damages (was) sustained.” Article 3537. Since this suit was filed more than a year after the date the damage was sustained, the claim as to the defendants in this case prescribed. Plaintiff’s claim that the prescription began to run only when she became apprised of the real cause of the accident, i. e., the defective brake lines, is clearly without merit. The record clearly shows that although she may have been unaware immediately of what caused the brakes to fail, she was cognizant of the fact that brake failure did cause the accident according to her own testimony in a discovery deposition, wherein she admitted that at the scene of the accident *604 she was told by Dr. Kent and additionally heard him tell the investigating officer that his brakes had failed.
While this court has accepted in certain limited situations the common law doctrine “contra non valentem agere nulla currit praescriptio,”[3] which means that prescription does not run against a person who could not bring his suit, we do not think that plaintiff can find any comfort under the facts of this case in that doctrine. The rule that prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit, applies only when such ignorance is not wilful and does not result from negligence,[4] and the doctrine has been limited to cases where the debtor has concealed the fact of the obligation or has committed other acts which tend to hinder, impede or prevent the creditor from ascertaining knowledge of the existence of the debt. See, Ayres v. New York Life Ins. Co., supra. Also, it is not necessary that the party have actual knowledge of the conditions as long as there is “constructive notice.” Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription.[5]
There can be no question that there no longer remains any basis for relator’s argument that the filing of the initial suit against Dr. Kent’s insurer interrupted prescription against the defendants in the instant suit on the theory that they were solidary obligors with Dr. Kent since he has been held by this court to have been without fault, and, as such, not liable.
This brings for our consideration defendants’ contention that the court of appeal erred in dismissing plaintiff’s suit as of nonsuit. From the foregoing we think it is evident that the court of appeal erred in dismissing plaintiff’s suit as of nonsuit.
For the reasons assigned judgment of the court of appeal dismissing plaintiff’s suit as of nonsuit is reversed and the judgment of the district court dismissing the suit with prejudice is affirmed. Costs to be paid by plaintiff.

. The judgment dismissing Mrs. Cartwright’s suit against Dr. Kent was affirmed by the court of appeal, 213 So.2d 154, and writs were granted by this court on the application of Mrs. Cartwright, Cartwright v. Firemen’s Ins. Co. of Newark, New Jersey, 252 La. 956, 215 So.2d 127, and the judgment of the court of appeal affirmed. 254 La. 330, 223 So. 2d 822.

. Meche v. Farmers Drier & Storage Co., La.App., 193 So.2d 807; Smith v. New Orleans & Northeastern Railroad Co., La.App., 153 So.2d 533; Samaha v. Southern Rambler Sales, Inc., La.App., 146 So.2d 29.

. Martin v. Mud Supply Co., 239 La. 616, 119 So.2d 484; Ayres v. New York Life Ins. Co., 219 La. 945, 54 So.2d 409; Smith v. Tyson, 193 La. 571, 192 So. 61; McGuire v. Monroe Scrap Material Co., 189 La. 573, 180 So. 413; Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598; Succession of Farmer, 32 La.Ann. 1037.

. Young v. International Paper Co., 179 La. 803, 155 So. 231; National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234.