EDWARD A. DUFRESNE, Jr., Judge Pro Tern.
Plaintiff, David M. Gleason, filed suit against J.T. Milford, C.P.A., Theriot, Milford and Dunn (a partnership of certified public accountants), The Plumbers and Steamfitters Local 106 Health and Welfare Fund, Maryland Casualty Company, Hartford Accident and Indemnity Company and Aetna Casualty and Surety Company for defamation and malicious prosecution.
David Gleason (Gleason) was employed by the Plumbers and Steamfitters Local 106 Pension Trust Fund and Health and Welfare Fund (P & S Funds) as administrator from February 15, 1971, until November 28, 1978, when he was terminated for alleged fraudulent conduct. Gleason’s employer accused him of fraudulently misappropriating Pension funds, by overpaying himself salary, vacation or other benefits in the sum of $56,401.00. These allegations were the result of an audit conducted by J.T. Milford of the accounting firm of Ther-iot, Milford and Dunn, who were auditors for the fund.
As the P & S Funds sought redress in state district court, P & S Funds filed suit in the 14th Judicial District Court against Maryland Casualty Company, Hartford Accident and Indemnity Company, and Aetna Casualty and Surety Company. These insurers had fidelity bonds against employee theft of P & S Funds. The lawsuit alleged that Gleason had used his position of authority as administrator of the P & S Funds to fraudulently pay himself $56,-401.00, as such he was guilty of theft and dishonest acts.
These defendants (insurers) third partied Gleason into the lawsuit alleging his fraud, theft and dishonesty.
At the trial of this matter, the trial judge entered a directed verdict against the P & S Funds, dismissing all demands against *788 the insurance companies[1], as well as, dismissing the insurers’ third party demands against Gleason.
As a result of this judgment, Gleason filed suit against the Plumbers and Steamfitters, Local 106 Pension Trust Fund and Health and Welfare Fund (P & S Funds), Maryland Casualty Company, Hartford Accident and Indemnity Company and Aetna Casualty and Surety Company (insurers), as well as J.T. Milford and Theriot, Milford and Dunn.
Gleason later voluntarily released all defendants, except Maryland Casualty Company, J.T. Milford, and Theriot, Milford and Dunn.
Maryland Filed an exception of prematurity asserting its action against Gleason was still pending, and as such, would be determinative of the issue sued upon. Agreeing, the trial judge granted Maryland’s exception, ruling the action was premature and dismissed Gleason’s lawsuit without prejudice.
The only remaining defendants in this matter were J.T. Milford and Theriot, Milford and Dunn, who were subsequently dismissed from the suit on an exception of prescription.
Gleason has filed this appeal and finds error with the trial judge’s ruling relative to prescription. Gleason asserts that the trial judge erred in finding that his cause of action against J.T. Milford and Theriot, Milford and Dunn had prescribed.
We find that prescription is the only appropriate issue for our appellate review, and affirm for the following reasons.
Gleason filed this lawsuit for damages against J.T. Milford and Theriot Milford and Dunn (the remaining defendants on appeal, referred thereafter as Milford) alleging defamation and malicious prosecution. These causes of action are clearly delictual in nature and will prescribe after one year from the date of the harm.
Gleason argues that until Maryland’s cause of action against him is adjudicated, the prescription period relating to his causes of action against Milford have not begun to run.
Gleason alleges that damages began to occur from November 28, 1978, and are continuing. However, he instituted this tort suit on May 16, 1983, seeking compensation for these alleged wrongful acts.
After examining the record, we find that Gleason’s causes of action based upon the alleged facts were ripe from the instance he first suffered harm as the result of actions taken by Milford.
Gleason asserts that the course of conduct by Milford was a continuous tort which has been ongoing since the time of his termination, investigations which followed and being named as a defendant in a lawsuit.
We hold that Gleason had adequate notice of an act which could be construed as wrongful from the date he was terminated from his employment on November 28, 1978, or at the latest, from the date of the granting of the directed verdict on March 23, 1981, in which he was named as a defendant by his former employer.
In viewing this matter most favorable to the plaintiff, Gleason, we still find that this action has prescribed.
From the moment Gleason first suffered injury as the result of actions taken by Milford, the seconds on the judicial clock began to tick.
It is certainly not necessary that Gleason have actual knowledge of the condition of the alleged wrongful conduct; for it is sufficient notice when such activity or conduct arouses attention or curiosity which places the injured party on his guard that further inspection may be necessary. This is equivalent to actual knowledge or notice which should put a reasonable person in a position to inquire as to any civil wrong, Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (1970).
*789 In this regard we have examined the record and find the appropriate date would be November 28, 1978.
The November 28, 1978, termination of employment serves as the date to commence running of the prescriptive period of one year, LSA-C.C. art. 3536. The alleged harm suffered by Gleason was initially sustained at the time J.T. Milford reported the findings of his audit to the P & S Funds Board of Trustees and his resultant termination.
This action for damages by Gleason has prescribed. The judgment of the trial court is affirmed. All costs of this appeal to be paid by the appellant.
AFFIRMED.

. Maryland Casualty Company had paid P & S Funds on its bond and was severed from the suit and its third party demand against Gleason is still active, and has not been decided.