HERBERT A. CADE, Judge Pro Tem.
April 24, 1986 Olivia Moran filed suit against Willard E. Robertson Imports, Inc., and Volkswagen of America, Inc., alleging that on September 1, 1981 she purchased a 1981 Audi 5000S from River Road Porsche Audi, Inc. (Robertson’s predecessor); that from the date of purchase she experienced “continuous trouble with the cruise control and braking system and other systems” of the automobile; that she “only allowed the vehicle to be worked on by the authorized Audi dealer,” that the dealer was unable to determine the cause of the problem, despite numerous attempts to do so; that on July 26, 1984 she again had mechanical work done on the vehicle by the dealer; that when the work was finished, “she entered the vehicle, which was in park, put her right foot on the brake, started the ignition, shifted to reverse, and immediately experienced extreme unwanted acceleration and concommittant unwanted brake failure; and the vehicle zoomed in reverse and hit several vehicles and a chain link fence.” Against Robertson she alleged sale of a defective product, failure to warn of inherent dangers, failure to repair, and failure to test-drive the vehicle before returning it to her. Against Volkswagen of America she alleged defects in manufacture, design and assembly. She further alleged she discovered the cause of the unwanted acceleration when on March 1, 1986 she read a newspaper article describing transmission design defects in that particular Audi model.
Robertson filed an exception of prescription, in support of which was attached a demand letter from Moran’s counsel to Robertson’s counsel, dated February 21, 1985. The letter asserted “that the numerous problems that were encountered with the cruise control on this particular vehicle led to the failure involved and caused the accelerator to become stuck and the vehicle to run away from my client while in reverse gear.” Also attached in support of the exception was a letter from Robertson’s counsel in response, dated March 18, 1985, rejecting demand and suggesting recourse against the manufacturer. An ex *873 ception of prescription was thereafter filed by Volkswagen of America, and both exceptions were maintained. In this appeal Moran argues that the doctrine of contra non valentem agere nulla currit praes-criptio applies to defeat the exceptions.
Louisiana jurisprudence recognizes four situations in which this doctrine may be invoked:
(1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
(2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
(4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though plaintiffs ignorance was not induced by the defendant.
See Plaquemines Parish Commission Council v. Delta Development Co., 502 So.2d 1034, 1054-55 (La.1987); Corsey v. State Department of Corrections, 375 So. 2d 1319, 1321-22 (La.1979). We are referred to the fourth situation. Moran argues that through no fault of her own she was ignorant of the facts giving rise to her cause of action until March 1, 1986 when she learned of the faulty Audi transmissions.
We find the argument unpersuasive. We are willing to assume that the exact nature of the defect could not be ascertained despite Moran’s diligence and the best efforts of the Audi dealer, and to consider the prescriptive period interrupted by attempts to repair the vehicle. See Bison v. La-Hood, 390 So.2d 920 (La.App. 2nd Cir.1980). Yet we cannot assume, for our law holds otherwise, that Moran’s cause of action did not arise until the precise nature of the defect was known. See Rey v. Cuccia, 298 So.2d 840 (La.1974). The manner in which the accident occurred, as described in Moran’s, letter of demand, and the facts then known to her, constitute notice sufficient to commence prescription. See also Cartwright v. Chrysler Corp., 255 La. 597, 232 So.2d 285 (1970). And we can conceive of no “reasonable construction of the plaintiff’s pleadings under which the petition may be maintained.” Cf. Henson v. St. Paul Fire and Marine Ins. Co., 363 So.2d 711, 713 (La.1978).
The judgment is accordingly affirmed.
AFFIRMED.