SCHOTT, Chief Judge.
Plaintiff has appealed from a judgment dismissing his malpractice suit against defendant, a chiropractor, on the ground of prescription. The issue is whether the fact that plaintiff consulted an attorney because he thought the chiropractor had committed malpractice was sufficient to establish the requisite knowledge to support the running of prescription when he and the attorney were being told by two physicians that the chiropractor had not harmed plaintiff.
Between September 20 and October 12, 1983, plaintiff was treated by defendant for back pain. About midway through this period of time, plaintiff began to feel an increase in his pain and a different type of pain, this time more in his cervical spine and numbness in the left arm. Plaintiff testified that he stopped seeing defendant because he was not helping him and he was getting worse; and he was beginning to think defendant was the cause of his problems.
In October and November, 1983, plaintiff was treated by Dr. Cracco, an orthopedist, and in December, 1983 plaintiff consulted Harry Forst, an attorney, because he felt that he had a claim against defendant. In August of 1984, Forst discussed plaintiff’s possible malpractice claim with Dr. Cracco who said that there was no malpractice performed by defendant and the problems that plaintiff had were unrelated to any treatment by defendant.
In 1984 plaintiff was being treated by another orthopedist, Dr. Razza, who initially diagnosed cervical and lumbar disc disease. In November 1984, plaintiff filed a worker’s compensation suit against his former employer claiming total disability because of work related injury to his neck and back.
In an affidavit, Forst stated that plaintiff had come to see him in December, 1983 about suing defendant for malpractice and that he and plaintiff met with Dr. Razza in April, 1984. Razza told them that defendant had not caused or aggravated plaintiff’s problems. After meeting with Dr. Cracco in August, 1984 and being told the same thing with respect to defendant’s conduct Forst recommended that plaintiff proceed with the worker’s compensation suit in November. Not until he subpoenaed Razza’s records for that suit did he know that Razza had changed his opinion regarding malpractice by defendant.
The record contains Dr. Razza’s notes concerning plaintiff. The entry of November 11, 1984 refers to plaintiff’s chiropractic treatment for the first time and it reflects that Dr. Razza, after being asked by plaintiff if this treatment could be the cause of his problem, thought: “Given that history it sounds like the manipulations may have exacerbated this condition and caused him to become symptomatic of cervical disc disease.” Plaintiff filed the present suit on June 14, 1985.
In sustaining defendant’s exception of prescription and dismissing plaintiff’s suit the trial judge assigned these reasons:
Simply stated: it is undisputed per plaintiff’s deposition that plaintiff sought an attorney in November 1983 because he felt he had a claim against the defendant for professional malpractice for treatment performed by the defendant in September and October 1983. Suit was not filed until 1985. The plaintiff had reason to suspect that professional malpractice was committed, otherwise he would not have consulted legal counsel. The one year prescriptive period applies having commenced in November 1983 and the three year peremption period is not applicable.
*494 In Griffin v. Kinberger, 507 So.2d 821, 823 (La.1987) the court summarized these applicable principles: Prescription begins to run on the date the injured party discovers or should have discovered the facts supporting his cause of action. But for constructive knowledge to be sufficient to start prescription there must be more than a mere apprehension that something is wrong. Prescription does not run against one who is ignorant of the facts supporting his cause of action as long as such ignorance is not willful, negligent, or unreasonable.
In Moran v. Volkswagen of America, 519 So.2d 871 (La.App. 4th Cir.1988) this court recognized the application of the doctrine contra non valentem as an exception to the law of prescription where the cause of action is not known or reasonably knowable by the plaintiff even though his ignorance was not induced by the defendant. Finally, in Bellamy v. Janssen, 477 So.2d 928, 930 (La.App. 4th Cir.1985) this court held that prescription does not run until a cause of action has manifested itself with sufficient certainty to be capable of proof in a court of law, provided the plaintiffs ignorance is not willful and is .not the result of his own negligence.
When plaintiff consulted the attorney he could not know that the chiropractor had committed malpractice because at that time his treating physician, Dr. Cracco, was of the opinion that there was no malpractice and that plaintiffs condition was unrelated to defendant’s treatment. Plaintiff suspected malpractice, but this was no more than an apprehension which was subsequently put to rest by Dr. Razza and Dr. Cracco. Plaintiff’s ignorance was surely not willful or negligent. On the contrary, he consulted two different orthopedists who both ruled out malpractice. Until November, 1984 when Razza, for the first time, stated that defendant’s conduct could be the cause of plaintiff’s problems, his cause of action against defendant was not “reasonably knowable” by him. Until November, 1984 plaintiff’s cause of action had not manifested itself with sufficient certainty to be capable of proof in court because neither of the medical experts he consulted connected his problem with any fault on defendant’s part.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of plaintiff, Don Houston, and against defendant, Dr. R.S. Saluga, overruling defendant’s exception of prescription and remanding the case to the trial court for further proceedings. All costs of this appeal are assessed against defendant; other costs are to await assessment until the case is disposed of in the trial court.
REVERSED AND RENDERED.