614 So.2d 319 (1993)
Edna R. MARTIN, et al.
v.
MID-SOUTH TANK UTILITIES COMPANY, et al.
No. 92-CA-1636.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1993.
Writ Denied April 23, 1993.
Daniel Frazier, Jr., Marrero, for plaintiffs-appellants Edna Martin, et al.
Delores B. Vanison, Asst. City Atty., George A. Blair, III, Deputy City Atty., Brett L. Prendergast, Chief of Civ. Litigation, Kathy L. Torregano, Chief Deputy City Atty., William D. Aaron, Jr., City Atty., New Orleans, for defendant-appellee City of New Orleans.
Anthony J. Livaccari, Jr., New Orleans, for defendant-appellee Mid-South Tank and Utilities Co.
Jacob Taranto, III, and John D. Lambert, Jr., New Orleans, for defendant-appellees Sewerage & Water Bd. of New Orleans.
Before KLEES, CIACCIO and WALTZER, JJ.
KLEES, Judge.
Class action plaintiffs appeal the dismissal of their suit on an exception of prescription. This court must determine whether the trial court erred in maintaining the exception of prescription at a preliminary status conference, without affording plaintiffs *320 an opportunity for a full evidentiary hearing.
Plaintiffs filed suit in June 1989, alleging that defendants' sand blasting operations on an Algiers water tower released airborne sand particles which caused personal injury and property damage. The petition states that the sandblasting activities commenced in March 1977; it does not state when they ceased. In addition, the petition states, "The plaintiffs * * * have just, within the last year, become aware of the causal relationship between the damages and the injuries they have sustained and the sandblasting and painting activities at the water tower."
In September 1990, defendants filed, among other exceptions, a peremptory exception of prescription. A show cause hearing on the exceptions was set for October 5, 1990, but on plaintiffs' motion the hearing was continued until October 26, 1990. On October 19, 1990, plaintiffs filed an opposition to defendants' exceptions.
No further pleadings appear in the record until October 15, 1991, when plaintiffs filed a motion for a full evidentiary hearing on defendants' exception of prescription. In their motion, plaintiffs stated,
At the summary hearing, all of the defendants' exceptions were denied[1] with exception of defendants' exception of prescription for which the court requested that the parties submit supplemental briefs.
* * * Upon notifying the court of the need for a full evidentiary hearing * * * the court stated that it only wanted briefs and * * * affidavits.
After more than 100 hours of research by undersigned counsel and paid legal assistance, it is crystal clear, that an adjudication of the prescription issue in this case is impossible without a full evidentiary hearing.
On March 16, 1991, the trial court granted plaintiffs' motion, and scheduled a full evidentiary hearing for April 10. However, plaintiffs failed to properly serve notice of the hearing on the defendants.[2] Defendants filed a motion to continue in which they requested "a status conference where there will be an ample opportunity for all parties to present pertinent issues for the Court's consideration before setting a hearing on the exception." In addition, defendants requested that their exception of prescription be maintained ex parte. On April 10, the trial court granted defendants' motion to continue, and scheduled a status conference for April 14.
On April 21, 1992, following the status conference, defendants' exception of prescription was maintained, dismissing plaintiffs' suit with prejudice. In maintaining defendant's exception of prescription, the trial court set forth the following pertinent reasons for judgment:
[T]he Court * * * ordered a status conference to discuss the entire matter on April 14, 1992.
At the scheduled status conference, the Court, having had an opportunity to review the record and discuss the matter with counsels, determined that based on the entire record, a full evidentiary hearing on the exception of prescription was not warranted, and that a ruling granting the exception of prescription was justified.
The Court based its decision on the fact that the cause of action alleged by the plaintiffs arose out of sandblasting activity which commenced and ceased in 1977, twelve years prior to the filing of this action. Further, there had been an original suit based on the same cause of action filed in 1978 which was eventually *321 tried and judgment rendered in 1987. Smith v. Mid-South Tank & Utilities Company, et al, CDC No. 78-10249. Further, another lawsuit was filed in 1987 by the same plaintiff counsel herein alleging almost identical facts to the current lawsuit and that action was determined to be prescribed. Williams, et al v. Mid-South Tank & Utilities Company, et al, CDC # 87-20012, La. 4th Cir. #88-C-1405, 1451 and 1481,[3] rehearing denied December 14, 1988, 538 So.2d 612 ([La.] 1989), writ denied (sic). Accordingly this Court finds that the current petition on its face is prescribed and that the record does not contain an[y] affidavits in opposition to the issue of prescription and further, plaintiffs are not entitled to a further hearing on the matter. The court also finds that it is inconceivable that for 12 years plaintiffs did not have constructive notice, if not in fact actual notice, of the causal connection between their alleged damages and the sandblasting activity in 1977.
Plaintiffs brought this appeal, arguing that the trial court erred in maintaining the exception of prescription at a preliminary status conference, without affording plaintiffs an opportunity for a full evidentiary hearing. We affirm. Plaintiffs' petition is prescribed on its face, and plaintiffs' failure to comply with the trial court's request for affidavits showing otherwise was sufficient for maintaining defendants' exception of prescription.
In the present case, plaintiffs' petition does not state that defendants' alleged tortious activities took place within the year proceeding the filing of their suit. Plaintiffs' petition states only that "[o]n or about March, 1977, defendant * * * began sandblasting and painting the Algiers Water-Tower (sic)," and that "[t]he plaintiffs * * * have just, within the last year, become aware of the causal relationship between the damages and the injuries they have sustained and the sandblasting and painting activities at the water tower." Thus, as the trial court stated in its reasons for judgment, plaintiffs' petition is prescribed on its face.[4]
When a plaintiff's cause of action is prescribed on the face of the petition, the plaintiff bears the burden of proof to rebut the exception of prescription. Blanchard v. Reeves, 469 So.2d 1165 (La.App. 5th Cir. 1985), writ den. 476 So.2d 347 (La.1985); Henderson v. Todd Shipyards, 462 So.2d 242 (La.App. 4th Cir.1984), writ den. 462 So.2d 1266 (La.1985); Yarbrough v. Louisiana Cement Co., Inc., 370 So.2d 602 (La. App. 4th Cir.1979), writ den. 373 So.2d 531 (La.1979). Plaintiffs admit that they bore the burden of proof, but argue that a full evidentiary hearing was required in order to meet this burden. We disagree.
La.C.Civ.P. Art. 931, Evidence on trial of peremptory exception, provides:
On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.

The grounds for plaintiffs' opposition to defendants' peremptory exception did not appear in their petition, and plaintiffs were advised as early as October 1990 to file affidavits on the issue. Yet, at a status conference held a year and a half later to discuss issues pertinent to the holding of a *322 full evidentiary hearing on prescription, plaintiffs had failed to file affidavits. Under these circumstances, we cannot say that the trial court abused its discretion in dismissing plaintiffs' suit without a full evidentiary hearing.
Plaintiffs allege that an affidavit was in fact filed, but this affidavit does not appear in the trial court record. In fact, the only available copy of the affidavit in question is affixed to defendants' appellate brief. The affidavit does not bear the filing stamp of the district court. In addition, the affidavit was signed by the affiant on October 14, 1991, the same date as the status conference, and presumably would have been filed in conjunction with the status conference. Yet in its reasons for judgment following the status conference, the trial court stated that "the record does not contain an[y] affidavits in opposition to the issue of prescription * * *" Under these circumstances, we cannot question the trial court's conclusion that no affidavits were filed.
Furthermore, even if we were to consider plaintiffs' affidavit, it would tend to support a finding that plaintiffs had constructive notice of the sand deposits. In Cartwright v. Chrysler Corp., 255 La. 597, 232 So.2d 285 (1970), the Louisiana Supreme Court stated, "Whatever is notice enough to put the owner on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to put the owner on inquiry is sufficient to start the running of prescription." Id., 232 So.2d at 287. In the affidavit, a one page statement by a party plaintiff, the affiant states, "In approximately 1981, I began having problems with my heating and cooling systems and noticed the deteriorations of my roof but did not know the cause." Thus, as early as 1981, affiant became aware of property damage. Such knowledge would call for inquiry, and is therefore tantamount to notice of everything to which inquiry might lead, including the source of the deterioration.
Furthermore, although plaintiffs maintain that they could not see the sand particles and therefore had no reason to suspect the cause of their property damage, they allege in their petition that "[t]hese actions and inactions of the defendants caused the plaintiffs * * * great anguish, mental distress, emotional suffering and inconvenience. The exposure to the particles of dust, sand and paint * * * caused the plaintiffs to experience, among other symptoms, burning eyes and lungs, nausea, contact dermatitis, headaches, dizziness * * *" Although plaintiffs argue only property damage on appeal, these allegations of great mental and physical distress appear to contradict plaintiffs' assertions in their appellate brief that "there existed no reason to suspect that their property damage was caused by defendants or any other party. The type and nature of the property damage at issue was such that a reasonable thinking individual would not immediately assume that wrongdoing or negligent conduct had occurred." Taken together with plaintiffs' failure to provide affidavits on the issue of prescription, plaintiffs' allegations of great mental and physical distress lead us to agree with the trial court's conclusion that it "inconceivable that for 12 years plaintiffs did not have constructive notice, if not in fact actual notice, of the causal connection between their alleged damages and the sandblasting activity in 1977."
Finally, defendants request that we impose sanctions for frivolous appeal, arguing that sanctions are necessary to prevent future litigation on a cause of action which has obviously prescribed. While we are aware that defendants have been sued three times over their 1977 sand blasting activities, and appreciate their concern with curtailing future litigation, we decline to impose sanctions in the instant suit. The trial court's dismissal of plaintiffs' suit at a status conference raised issues pertinent for appeal, including whether the matter should have proceeded to a full evidentiary hearing.
Defendants' exception of prescription is maintained.
AFFIRMED.
NOTES
[1] This statement appears to be incorrect. The trial court, in its reasons for judgment on the exception of prescription (discussed further, infra), stated, "[T]he exceptions and motion for sanctions were set for hearing, but the record reflects no rendering of judgment but that the court was awaiting affidavits from plaintiffs as opposition to the peremptory exception of prescription." (emphasis added).
[2] Plaintiffs dispute this allegation. However, in its reasons for judgment, the trial court stated, "[P]laintiffs requested a date for a full evidentiary hearing on the exception of prescription, but failed to serve defendants with a notice of the hearing * * *"
[3] The cited writ, 88-C-1405, 1451, 1481, rendered the following order:

After reviewing the trial court record, we reverse the trial court judgment overruling defendants' exception of prescription. Because it is apparent on the face of the petition that plaintiffs' case has prescribed, plaintiffs had the burden of proving that their claim was timely filed. Yarbrough v. Louisiana Cement Company, 370 So.2d 602 (La.App. 4th Cir.1979).
A review of the trial court record reveals that plaintiffs failed to carry that burden. No evidence was presented by the plaintiffs in opposition to defendants' exception of prescription. Therefore, we conclude that the trial court erred in overruling defendants exception of prescription and we now render judgment sustaining the exception.
[4] In addition, plaintiffs' petition is virtually identical to the petition which was found to be prescribed on its face in civil writ 88-C-1405, 1451, 1481 (see footnote 3, supra). Both petitions were filed by the same counsel.