JaSCHOTT, Chief Judge.
This is a suit under Jones Act for damages for hearing loss allegedly caused by noise *497 while plaintiff was working aboard defendant’s ships between 1951 and 1973. The trial court dismissed the suit on an exception of prescription and plaintiff has appealed. We affirm.
In his petition, filed on September 22, 1993, plaintiff alleged that he sustained a hearing impediment because of his work environment while he was employed as a seaman aboard defendant’s vessels between 1951 and 1973. The Jones Act provides for a three year prescriptive period commencing on the date the cause of action accrued. 46 U.S.C. 763(a). Therefore, on the face of plaintiffs petition his case had long prescribed.
When a plaintiffs cause of action is prescribed on the face of the petition, the plaintiff has the burden of proof to rebut the exception. Martin v. Mid-South Tank Utilities Co., 614 So.2d 319, 321 (La.App. 4th Cir.1993), writ den. 616 So.2d 707 (La.1993). Plaintiff attempted to carry this burden by showing that his injury was latent and his cause of action did not accrue until he discovered or reasonably should have discovered his injury and its cause. However, the record shows that plaintiff failed to carry this burden.
|3On February 25, 1994, plaintiff filed an opposition to defendant’s exception in which he argued as follows: he was exposed to excessive noise while he worked in defendant’s engine rooms from 1951 until 1973 and this caused his loss; during these years he had no reason to believe this noise was causing injury to his hearing; and, it was not until January 8, 1993, that he was evaluated by a physician and learned he was suffering from a hearing loss caused by his exposure to noise. To this memorandum he attached a report of an audiogram dated January 18, 1993, from Drs. Lousteau and Mouney.
The hearing on the exception was held on March 4, 1994. Plaintiff presented no evidence. The following colloquy between counsel and the judge constitutes plaintiffs entire presentation.
THE COURT:
Counselor?
MR. MEYER:
Good morning, Your Honor. The statute regarding a seaman is 763. It requires a statute, a lawsuit to be filed within three years of the cause of action accruing. This man was diagnosed with a hearing loss related to his work aboard ships in 1993. This law suit was filed in 1993. We satisfied our burden of establishing that the man was exposed, diagnosed.
The suit was filed within the proper time.
THE COURT:
He didn’t know that he was losing his hearing? Even though I am, he wouldn’t know it?
MR. MEYER:
He wouldn’t know that the hearing loss that he suffered was related to this exposure aboard the ships.
THE COURT:
And when did he last work for this company?
[[Image here]]
MR. BERTRAM:
|4’73. I think it’s over 20 years.
THE COURT:
We’re talking 20 years. Not in this court. I maintain the exception. Peel free to take a writ or an appeal. Let them tell me I’m wrong.
Plaintiff failed to prove when he suffered his hearing loss, when he discovered it, or why he was not put on notice long before 1993, that he had a hearing loss which might be reasonably connected to his exposure to noise on defendant’s vessels. The report of the audiogram answers none of these questions and, standing alone, is meaningless. To have any probative effect it had to be explained by a physician. Thus, plaintiffs failure to carry his burden of proof properly resulted in the dismissal of his suit.
Plaintiff filed a motion for a new trial which the trial court denied. Attached to his motion was a letter from Dr. Lousteau which had been written to plaintiffs counsel on May 3, 1993, enclosing the audiogram. The letter contains the following pertinent information: Plaintiff had been a patient since *498 January 4, 1991. “He has also been complaining of decreased hearing in both ears. He gives a history of having worked in the engine room of a ship.” The audiogram showed a significant, permanent hearing loss. “I feel the hearing loss is from noise exposure and should not progress rapidly if he avoids noise exposure.”
Even if this letter had been introduced at the hearing on the exception it would have added little to plaintiff’s ease. The letter is ambiguous at best and can be interpreted to mean that either plaintiff was or should have been aware of his hearing loss long before he saw Dr. Lousteau, because it was caused by noise exposure and did not progress significantly after he got away from the noise exposure. Common sense should have told him long before 1993, that Rthe noise on the ships damaged his sense of hearing. This is precisely what the trial judge concluded in his reasons for judgment as follows:
Plaintiff last worked for this employer in 1973. He would have known at that time if he suffered a hearing loss. It is common knowledge that noise can damage a persons hearing. He did not need a doctor to tell him in 1993 that noise exposure causes hearing loss.
In this Court plaintiff’s principal argument is that he should be allowed to amend his petition in accordance with C.C.P. art. 934. This provides that when the grounds for the exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. However, plaintiff failed to demonstrate to the trial court and to this Court how he would remove the grounds for the exception. The trial court was well aware of plaintiffs theory that (1) he did not know he was deaf until twenty years after he was last exposed to the noise which caused his deafness and 2) he should not reasonably have made a connection between the noise and his condition until the physician told him in 1993. The trial court rejected this theory as incredible. We not only find no error in the trial court’s reasoning but we also adopt it as our own. An amendment of the pleadings in this case would serve no purpose whatsoever.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.