WELCH,
dissenting.
hi respectfully disagree with the majority opinion in this case. The majority’s decision in this matter not only perpetuates a great injustice to Ms. Torres brought about by the devastating effects of Hurricane Katrina, but it is also legally incorrect, contrary to the jurisprudence of this circuit, and inconsistent with our legislature’s intent in enacting La. R.S. 9:5821, et seq.
The record in this matter clearly establishes that, due to the catastrophic effects of Hurricane Katrina on the office of counsel for Ms. Torres, he was prevented from filing her underlying tort suit within the applicable one-year prescriptive period and, but for those catastrophic effects, Ms. Torres’ counsel would have timely filed her underlying tort suit. Therefore, Ms. Torres was clearly entitled to a limited suspension and/or extension of the applicable prescriptive period pursuant to the provisions set forth in La. R.S. 9:5824. Since Ms. Torres was entitled to a limited suspension or extension of prescription for *1039 her underlying tort suit, the underlying tort suit interrupted prescription on her workers’ compensation claim, and the judgment of the workers’ compensation judge should be reversed.
In the aftermath of Hurricanes Katrina and Rita, our legislature enacted a series of statutes for the benefit and protection of the citizens of Louisiana, the purpose of which was “to prevent injustice, inequity, and undue hardship to persons who were prevented by these hurricanes from timely access to courts and offices in the exercise of them legal rights, including the filing of documents and 12pleadings as authorized or required by law.” La. R.S. 9:5821(A). Furthermore, the legislature commanded that these statutes are to “be liberally construed to effect its purposes.” La. R.S. 9:5821(A).
Louisiana Revised Statutes 9:5822(A) created a limited suspension of prescription during the time period of August 26, 2005, through January 3, 2006, such that all claims that would have prescribed during that period would lapse on January 4, 2006. Notwithstanding La. R.S. 9:5822, La. R.S. 9:5824 provides that a party who is domiciled in, whose cause of action arose in, or whose attorney was domiciled in or had a law office within certain parishes, including Orleans and Jefferson, may séek an additional extension or suspension of the prescriptive period set forth in La. R.S. 9:5822 upon proving by a preponderance of the evidence that it was filed at the earliest time practicable and, but for the catastrophic effects of Hurricane Katrina (or Rita), the legal deadline would have been timely met.
According to the individual affidavits of Riguer Silva and Arthur O. Schott, III, Ms. Torres’s previous counsel of record, they had residences in Kenner, Louisiana (Jefferson Parish), had their main law office on Canal Street in New Orleans (Orleans Parish), and had a small satellite law office on West Esplanade in Kenner (Jefferson Parish). Mr. Silva and Mr. Schott further stated in their affidavits that “[d]ue to the extensive flooding (5 feet), wind/storm, and mold damage to [their] New Orleans office, [they were] unable to return to the office until February 2006.” They also stated that on August 29, 2005, the date Hurricane Katrina made landfall, Ms. Torres’s file was being prepared for litigation in them New Orleans office and was physically located in an office with a window that was blown out during the hurricane, which resulted in the loss, damage, and destruction of all or part of her file. The attorneys averred that as a result of the damage, they had to reconstruct the lost documents in her file and that Ms. Torres’s tort suit was pfiled on the earliest date possible (February 6, 2006) given the circumstances of their office after Hurricane Katrina.
Given these affidavits, I believe that the record in this matter establishes that Ms. Torres was entitled to an additional suspension and/or extension of the prescriptive period in her underlying tort suit under La. R.S. 9:5824(B)(1). Presumably, it was for this reason, after Ms. Torres filed these affidavits into the record, the defendant voluntarily dismissed the peremptory exception raising the objection of prescription that it had filed in response to the underlying tort suit.
The majority concludes that Ms. Torres failed to meet her burden of proving that there was an interruption or suspension of prescription because Ms. Torres failed to formally offer or introduce any evidence on the issue of prescription, even though both the plaintiff and the defendant attached the relevant documents to their respective memorandums on the exception.
In Saia v. Asher, 2001-1038 (La.App. 1st Cir.7/10/02), 825 So.2d 1257, 1260-1261, the *1040 trial court sustained a peremptory exception raising the objection of prescription at a hearing on both the exception and a motion for summary judgment. At the hearing, no arguments were heard, no evidence was introduced, and the trial court rendered judgment sustaining the exception. This court noted that the trial court erred in considering the materials attached to the memorandums in support of and in opposition to the exception raising the objection of prescription. However, since no objection to consideration of the evidence was made at the trial court level or on appeal and since the evidence was sufficient to allow the trial court to rule on the objection of prescription, this court held that it was sufficient to allow this court to review the trial court’s decision on that issue. See also Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C., 2004-1227, p. 8 (La. App. 1st Cir.6/10/05), 916 So.2d 252, 257; Fontaine v. Roman Catholic Church of Archdiocese of New Orleans, 625 LSo.2d 548, 554 (La.App. 4th Cir.1993), writ denied, 93-2719 (La.1/28/94), 630 So.2d 787; Martin v. Midr-South Tank Utilities Co., 614 So.2d 319, 321 (La.App. 4th Cir.), writ denied, 616 So.2d 707 (La.1993) (where the court refused to strictly require that the trial court hold an evidentiary hearing on an exception raising the objection of prescription); and Scott v. Sears, Roebuck and Co., 99-0571 (La.App. 1st Cir.3/1/01) (unpublishedon rehearing).
The record in this matter reflects that the WCJ sustained the exception at a hearing on the objection of prescription. After the parties made them respective arguments and although the documents attached to the memorandums were not offered into evidence, the WCJ then stated that it had “reviewed the file and all of the record and all the attachments to the motions and oppositions, and ... [was] ready to rule.” (Emphasis added.) Thus, it is apparent that the WCJ specifically considered the documents attached to the parties’ memoranda in ruling on the prescription issue. Since the evidence in the record was reviewed by the WCJ in ruling on the objection of prescription and since there has been no objection to consideration of that evidence, that evidence should be reviewed by this court in reviewing the WCJ’s decision in that regard, particularly in light of the fact that all the crucial evidence attached to the exceptions — and necessary for a determination of the issue of prescription — was not in dispute.
As previously noted, the documents attached to Ms. Torres’s memorandum in opposition to the objection of prescription that are contained in the record clearly demonstrate that counsel for Ms. Torres was unable to file her claim because of the level of destruction sustained by their office during Hurricane Katrina and that they filed her claim as soon as practicable. Justice dictates that Ms. Torres should not be punished for the devastating effects of Hurricane Katrina. To conclude otherwise, as the majority has done, turns a blind eye to the legislature’s intent that La. R.S. 9:5824 be liberally construed for the benefit and |5protection of the citizens of Louisiana and to prevent injustice, inequity, and undue hardship to persons who were prevented by Hurricane Katrina from timely access to courts and offices in the exercise of their legal rights.
Thus, I respectfully dissent.