MADELEINE M. LANDRIEU, Judge.
JjPlaintiff, Larry Dufrene, appeals the trial court’s judgment granting the exception of prescription filed by defendant, Harvey Gulf International Marine, LLC. For the reasons that follow, we affirm the trial court’s judgment.
PROCEEDINGS BELOW
On January 21, 2011, Mr. Dufrene filed suit against Harvey Gulf International Marine, LLC (“Harvey Gulf’) for damages arising from significant hearing loss he allegedly suffered while employed by Harvey Gulf. The petition stated, in part,
(HI)
From March 1977 until 2010, LARRY DUFRENE has been employed by HARVEY GULF as a Jones Act seaman.
(IV)
During the course of his employment, plaintiff LARRY DUFRENE has experienced significant hearing loss while employed as a seaman aboard numerous vessels owned and/or operated by HARVEY GULF, and while employed as a Jones Act seaman by HARVEY GULF.
(V)
Plaintiff brings these claims within three years of becoming aware of sufficient facts to establish a reasonable belief that he had a cause of action for hearing loss due to significant exposures to loud and continuous noise while in the course and scope of his employment with this defendant.
|«>Harvey Gulf filed an exception of prescription, in which it argued that Mr. Du-frene had been aware of his hearing loss since approximately 1985 or 1986, and, therefore, his claims were prescribed when he filed the petition in 2011. After a hearing on the exception, the trial court granted the exception of prescription and dismissed the claims against Harvey Gulf. This appeal follows.
DISCUSSION
In his sole assignment of error, Mr. Dufrene asserts that the trial court erred in granting Harvey Gulfs exception of prescription. Mr. Dufrene contends that prescription did not begin to run until May 18, 2010, when a hearing test indicated that he was suffering from hearing loss and his doctor informed him that it was possibly related to his employment.
Mr. Dufrene alleges in his petition that he was employed by Harvey Gulf as a Jones Act seaman from March 1977 until sometime in 2010. Under the Jones Act and general maritime law, a plaintiff has a cause of action when he “has had a reasonable opportunity to discover his injury, its cause, and the link between the two. The statute of limitations under either law is' three years from the date of injury.” Crisman v. Odeco, Inc., 932 F.2d 413, 415 (5th Cir.1991) (citations omitted).
When it is not obvious from the face of the petition that a claim is prescribed, the. burden rests on the defendant or party pleading prescription. Coston v. Seo, 2012-0216, p. 7 (La.App. 4 Cir. 8/15/12), 99 So.3d 83, 88. However, if the face of the petition shows that the prescriptive period has already elapsed, the plaintiff has the burden of establishing a suspension, interruption or renunciation. Lima v. Schmidt, 595 So.2d 624, 629 (La.1992). Here, because the plaintiff alleges in his petition that he filed the petition within three years of becoming aware of the relationship between his hearing loss and his work place exposure to noise, the burden was on Harvey Gulf to prove that the claim was prescribed.
The exception of prescription is peremptory. It must be specifically pled and may not be raised by the court. La. C.C.P. art. 927. On the trial of an exception of prescription, evidence may be intro *95 duced to support or controvert any of the objections pleaded. La. C.C.P. art. 931. “When evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court manifestly erred in its factual conclusions.” Davis v. Hibernia Nat. Bank, 98-1164, p. 2 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, 63. “The standard of review of a trial court’s finding of facts supporting prescription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong.” In re Medical Review Proceedings of Ivon, 01-1296, p. 5 (La.App. 4 Cir. 3/13/02), 813 So.2d 532, 536.
In its reasons for judgment, the trial court stated “this court finds that Mr. Dufrene had more than ample time to discover the link between his hearing loss and the work he did for the Defendant based on the employee handbook Mr. Du-frene signed, the safety procedures required with his job duties, and common sense.” We cannot say that the trial court erred in this factual conclusion.
In his deposition, Mr. Dufrene testified that he was first told that he was hard of hearing around 1985 or 1986. Mr. Du-frene identified co-workers and other individuals who, at various times between 1977 and 1998, told him that he was hard of hearing. He also testified that when he was tested for hearing loss in 2010, |4he told the test administrator that he first learned of his hearing loss around 1985 or 1986.
Harvey Gulf provided the safety handbook Mr. Dufrene had signed, which included a section entitled “Hearing Protection.” This section states that ear muffs and/or ear plugs must be worn when, among times, “working around loud compressors, generators and other loud equipment, either on a vessel or in the shop,” and “when in any area posted with a sign indicating that hearing protection is required.” Harvey Gulf also produced a “Safety Meeting Report” where one of the scheduled topics was hearing protection training. Mr. Dufrene, who was the captain of the vessel at the time, attended the meeting.
In Sellers v. Lykes Bros. S.S. Co. Inc., 94-1107 (La.App. 4 Cir. 12/28/94), 648 So.2d 496, the plaintiff alleged that he suffered hearing loss due to noise while working aboard the defendant’s ships for over twenty years. The plaintiff did not file suit until a physician determined that he suffered from hearing loss related to noise exposure. This medical finding was made nearly twenty years after the plaintiffs employment ended. In affirming the trial court’s granting of the defendant’s exception of prescription, this court stated “[cjommon sense should have told him long before [the filing of the petition], that the noise on the ships damaged his sense of hearing.” Id. at pp. 4-5, 648 So.2d at 498.
Here, by his own admission, Mr. Du-frene -was aware that he was suffering from hearing loss as early as 1985 or 1986. Further, he'was aware that safety precautions required workers on the vessels to wear ear plugs or ear muffs when noise levels required. We cannot say that the trial court manifestly erred in its determination that Mr. Dufrene should have made the connection' between his ^hearing loss and noise levels on the vessels well before 2008 (more than three years before this petition was filed).
CONCLUSION
For the reasons stated above, the trial court’s judgment granting Harvey Gulfs exception of prescription is affirmed.
AFFIRMED.