FRANK SCURLOCK         *      NO. 2025-CA-0096

VERSUS         *      COURT OF APPEAL

KURT HEITMEIER, ROBERT    *      FOURTH CIRCUIT
HEITMEIER AND EUSTIS
INSURANCE, INC.         *      STATE OF LOUISIANA

                           *

                           *

          * * * * * * *

*RLB*

**BELSOME, C.J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent. While I agree the continuing tort doctrine does not apply, I disagree that Scurlock's claims are prescribed under La. C.C. art. 3493. In my view, the record does not support the conclusion that prescription began to run in January 2020. Louisiana courts have long interpreted "knowledge of damage" under Article 3493 to mean knowledge that the damage is due to the fault of another, not simply when damage is observed.

That principle was clearly articulated in *Jordan*, where the Louisiana Supreme Court held that prescription "does not begin to run at the earliest indication that a plaintiff may have suffered some wrong," but only when the plaintiff "has a reasonable basis to pursue a claim against a **specific defendant**." *Jordan v. Emp. Transfer Corp.*, 509 So.2d 420, 423-24 (La. 1987) (emphasis added). This approach has guided courts applying Article 3493, which consistently recognize that observable damage alone is not enough. For example, in *LeGros v. ARC Servs., Inc.*, 98-387 (La. App. 3 Cir. 10/28/98), 721 So.2d 1016, prescription ran not from the first malfunction of a boat engine, but from the discovery of specific defect. Likewise, in *Gad v. Granberry*, 07-117 (La. App. 3 Cir. 5/30/17), 958 So.2d 125, homeowners did not have sufficient knowledge to trigger prescription until an architect identified the source and scope of the water intrusion. And in *Davidson v. Glenwood Resol. Auth., Inc.*, 47-640 (La. App. 2 Cir.

1

1/23/13), 108 So.3d 345, the court found prescription ran only after the plaintiff had been expressly informed of the foreign object left in his body and failed to act.

The majority relies on the principle drawn from *Pachi v. Kammer*, 130 So.2d 417, 421 (La. App. 4 Cir. 1961), that prescription begins when the damage is such that it "excites attention and calls for inquiry." But *Pachi* is factually distinct. It involved a plaintiff who was immediately and acutely aware of both the damage and its origin. The plaintiff was physically shaken awake by nearby demolition and notified the responsible party and his insurer that same day. The same definition of constructive knowledge set forth in *Pachi* was adopted later in *Cartwright v. Chrysler Corp.*, 255 La. 597, 603-04, 232 So.2d 285, 287 (La. 1970). However, this interpretation was ultimately recognized as "an incomplete definition of the kind of notice that will start the running of prescription." *Jordan*, 509 So.2d at 423. The Louisiana Supreme Court found that *Cartwright's* definition, when read in isolation, risked triggering prescription prematurely. Therefore, it clarified that prescription under Article 3493 begins only when a plaintiff has a reasonable basis to believe that the damage was caused by another's fault, not simply when the damage becomes apparent or concerning. *Id.* at 423-24. This definition, not the broader language found in *Pachi* and *Cartwright*, is the one that governs here.

Scurlock's damage appeared nearly two years after the neighboring construction was complete and after Scurlock had also renovated his own boathouse. He split his time between Louisiana and Florida and had no obvious basis to attribute the damage to another's fault until he retained an expert.

As *Jordan* recognized, "[p]rescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused that damage." *Id.* at 423. The plaintiff does, however, have a duty "to seek out those whom he believes may be responsible for a specific injury." *Id.* Whether a plaintiff's inaction is reasonable depends on the

2

totality of the circumstances. *See Bailey v. Khoury*, 04-0620 (La. 1/20/05), 891 So.2d 1268, 1276 (citing factors such as plaintiff's education, his intelligence, the severity of harm, and the nature of the conduct at issue).

Measured against this standard, Scurlock did exactly what the law expects. Within days of noticing damage to his boathouse in January 2020, he retained a structural engineer, who concluded in a February 13, 2020 report that the damage was likely caused by the added weight of the third-floor renovation of Heitmeier's neighboring boathouse. That report provided the first reasonable basis for attributing fault and pursuing a claim. Filing suit before then would have meant acting on mere suspicion, something courts have consistently held is not required and even discouraged. *Cordova v. Hartford Accident & Indem. Co.*, 387 So.2d 574, 577 (La. 1980); *Campo v. Correa*, 01-2707, p. 12 (La. 6/21/02), 828 So.2d 502, 510-11 ("a plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice."); *Cornay v. FMC Corp.*, 98-1312, p. 16 (La. App. Cir. 6/2/99), 735 So.2d 944, 954 (Woodard, J., concurring) (cautioning that filing suit before a plaintiff has a reasonable basis to pursue a claim "invite[s] unnecessary and, even possibly frivolous litigation" subject to possible dismissal or even sanctions).

The circumstances presented here are not one of neglect or delay. Scurlock acted diligently to investigate the cause, seeking expert guidance before initiating legal action. Because he filed suit within one year of acquiring a reasonable basis to assert fault, I would reverse the trial court's judgment and find the claim timely. Therefore, I respectfully dissent.